UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL L. DIXON,

                    Petitioner,

                                              Case No. 20-cv-8-pp

          v.

WILLIAM POLLARD,

                    Respondent.

**ORDER DENYING AS MOOT PETITIONER'S MOTION FOR LEAVE TO
PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING
WITHOUT PREJUDICE PETITIONER'S MOTION TO SUPPLEMENT (DKT.
NO. 9) AND GRANTING PETITIONER'S MOTION TO STAY FEDERAL
*HABEAS* PROCEEDINGS TO ALLOW PETITIONER TO EXHAUST STATE
COURT REMEDIES (DKT. NO. 3)**

On January 3, 2020, the petitioner, an inmate at Dodge Correctional

Institution who is representing himself, filed a petition for writ of *habeas corpus*

under 28 U.S.C. §2254, challenging his June 16, 2015 conviction in Milwaukee

County Circuit Court on two counts of second-degree sexual assault of a child.

Dkt. No. 1 at 1-2; see also State v. Dixon, Milwaukee County Case No.

14CF002989 (available electronically at https://wcca.wicourts.gov). The

petitioner also filed a motion for leave to proceed without prepaying the filing

fee, dkt. no. 2, and a letter motion asking the court to stay the federal

proceedings, dkt. no. 3. On January 22, 2020, the court received from the

petitioner the $5.00 filing fee, as well as a motion asking the court to allow him

to supplement his petition, dkt. no. 9.

1

This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases, denies as moot the motion to proceed without prepaying the filing fee, grants the petitioner's request to stay the federal case and denies without prejudice his motion to supplement.

## I.    Background

### A.    State Conviction

On May 6, 2015, a Milwaukee County jury found the petitioner guilty of two counts of second-degree sexual assault of a child. Dkt. No. 1 at 2; see also State v. Dixon, Milwaukee County Case No. 14CF002989 (available electronically at https://wcca.wicourts.gov). About a month later, the circuit court judge sentenced the petitioner to forty-five years of imprisonment and twenty-five years of extended supervision. Dkt. No. 1 at 2. On June 16, 2015, the clerk entered judgment. See State v. Dixon, Milwaukee County Case No. 14CF002989 (available electronically at https://wcca.wicourts.gov).

### B.    State Postconviction Proceedings and Direct Appeal

In December of 2016, the petitioner timely filed a motion for a new trial in the circuit court. Dkt. No. 1 at 4. His habeas petition states that he alleged a single ground for relief in that motion: that he "receive[d] ineffective assistance of trial counsel" when Attorney Richard Poulson "fail[ed] to object to certain evidence presented . . . in violation of the Confrontation Clause." Id. at 4, 11. He filed a supplemental motion for a new trial on April 12, 2017. Id. at 5; see also State v. Dixon, Milwaukee County Case No. 14CF002989 (available electronically at https://wcca.wicourts.gov). According to his petition, that

2

motion asserted (1) that Attorney Poulson was ineffective "in failing to file a motion to suppress DNA evidence;" (2) a <u>Brady</u> violation, and (3) that Attorney Poulson was ineffective "in failing to move for a mistrial due to" an improper opening statement. Dkt. No. 1 at 5.

The Milwaukee County Circuit Court denied relief on June 9, 2017. Dkt. No. 1-1 at 1. Relying on the two-part test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984), the court found that the petitioner "failed to establish that he was prejudiced by trial counsel's failure to object to the admission of" the exhibits, and rejected the petitioner's claim that his trial counsel was ineffective. <u>Id.</u> at 3-6.

About three weeks later, the petitioner appealed his conviction and the denial of his motion for a new trial. <u>See</u> <u>State v. Dixon</u>, Milwaukee County Case No. 14CF002989 (available electronically at https://wcca.wicourts.gov). According to his petition, the petitioner asserted that Attorney Poulson rendered ineffective assistance when he (1) "fail[ed] to object to certain evidence through a surrogate witness in violation of the Confrontation Clause," and (2) "fail[ed] to move for a mistrial based on the prosecutor's opening statement" in violation of the Confrontation Clause and the right to a fair trial. Dkt. No. 1 at 3. On June 27, 2018, the Wisconsin Court of Appeals affirmed. <u>Id.</u>; <u>see also</u> <u>State v. Dixon</u>, Milwaukee County Case No. 14CF002989 (available electronically at https://wcca.wicourts.gov); Dkt. No. 1-1 at 8.

The petitioner petitioned for review in the Wisconsin Supreme Court, raising three arguments: (1) "the admission of certain evidence through a

surrogate witness [] violate[d] [the] Confrontation Clause;" (2) the "prosecutor's detailed description of allegations concerning [an] alleged victim who did not appear at trial violate[d] [the] Confrontation Clause," and (3) he "receive[d] ineffective assistance of counsel." Dkt. No. 1 at 3. On October 15, 2018, the Wisconsin Supreme Court denied review. <u>See</u> <u>State v. Dixon</u>, Milwaukee County Case No. 14CF002989 (available electronically at https://wcca.wicourts.gov). Under Rule 13 of the Rules of the Supreme Court of the United States, the petitioner had ninety days from the date the Wisconsin Supreme Court entered judgment to petition the United States Supreme Court for *certiorari*; he did not do so. Dkt. No. 1 at 4.

      C.    <u>Federal *Habeas* Petition</u>

On December 19, 2019, before filing a federal *habeas* petition, the petitioner filed a "Motion for Stay and Abeyance" with the clerk of court for the Eastern District of Wisconsin. <u>See</u> <u>Dixon v. Pollard</u>, Case No. 19-mc-53 (E.D. Wis. 2019). Four days later, Judge Lynn Adelman denied the motion and dismissed the case, explaining that "a court cannot stay a non-existent *habeas* case." <u>Id.</u> at Dkt. No. 2. Judge Adelman advised that "if [the petitioner] [was] concerned about the timeliness of his petition, he should file a habeas petition that complies with Rule 2(c) of the Rules Governing §2254 Cases as soon as possible," and that "[o]nce a petition is on file, [the petitioner] may then file a motion for stay and abeyance under the case number assigned to his petition." <u>Id.</u>

The court received the *habeas* petition on January 3, 2020. Dkt. No. 1. It appears to raise two claims of ineffective assistance of trial counsel and seven claims of ineffective assistance of "appellate/postconviction" counsel. Id. at 6-23. The same day that the court received the petition, it received a letter from the petitioner, asking the court to stay the federal proceedings while he exhausted his state remedies. Dkt. No. 3.

D.    Return to State Court

The petitioner attached to his federal *habeas* petition a copy of a Notice of Motion and Motion for Post-Conviction Relief Pursuant to: Wis. Stat. §974.06. Dkt. No. 1-1 at 16. The signature page indicates that the document is dated December 30, 2019. Id. at 30. The Milwaukee County Circuit Court received the motion on January 22, 2020. State v. Dixon, Milwaukee County Case No. 14CF002989 (available electronically at https://wcca.wicourts.gov). It appears that in the §974.06 motion, the petitioner argued his appellate attorney, Steven Zaleski, provided ineffective assistance when he (1) "fail[ed] to raise several claims concerning ineffective assistance of trial counsel, plain error, and prosecutorial misconduct," and (2) "inadequately rais[ed] certain issues and arguments in previous motions for [a] new trial and on appeal." Dkt. No. 1 at 5-6, 11. The circuit court denied the motion on January 27, 2020. See State v. Dixon, Milwaukee County Case No. 14CF002989 (available electronically at https://wcca.wicourts.gov). On February 24, 2020, the petitioner appealed that denial; as of the date of this order, the appeal is pending in the Wisconsin Court of Appeals. Id.

## II. Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

The same day the court received the federal petition, it received from the petitioner a request to proceed without prepaying the $5.00 filing fee. Dkt. No. 2. But a little over two weeks later, the court received from the petitioner the $5.00 filing fee. The court will deny the motion as moot.

## III. Rule 4 Screening

### A.  Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed the petition within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.    The Petition and Motion for Stay

The petition appears to raise a total of nine ineffective assistance of counsel claims. He argues that Attorney Poulson provided ineffective assistance of *trial* counsel when he (1) failed to object to evidence introduced and admitted in violation of the Confrontation Clause, and (2) "fail[ed] to move for a mistrial

based on the prosecutor's opening statement." Dkt. No. 1 at 6-7. The petitioner says that he has exhausted his state remedies on both these claims. Id. at 7-8.

He contends that Attorney Zaleski provided ineffective assistance of *appellate* counsel when he failed to investigate or raise (1) "issues of plain error and/or prosecutorial misconduct;" (2) "trial counsel's failure to investigate [] fabricated allegations;" (3) "trial counsels'[1] . . . failure to retain a DNA expert; (4) "trial counsel's ineffectiveness in failing to obtain a copy of [a] police interrogation video, [] failing to file a motion to suppress [] DNA evidence, . . . and plain error;" (5) "ineffective assistance of trial counsel [for] failing to investigate the state's claim of DNA evidence . . . and in failing to file a motion to suppress the DNA evidence;" (6) "ineffective assistance of trial counsel and trial court error respecting limitations placed upon [the petitioner] [during his] trial testimony," and (7) "ineffective assistance of trial counsel and plain error in failing to properly instruct the jury." Id. at 8-9, 14-23. The petitioner concedes that he has not exhausted his state court remedies for his ineffective assistance of appellate counsel claims, but says that he is in the process of doing so through his §974.06 motion. Id. at 8-9, 17, 19, 21, 23.

The petitioner has raised a variety of ineffective assistance of trial and appellate counsel claims, which are generally cognizable on *habeas* review. See, *e.g.*, Baer v. Neal, 879 F.3d 769, 776 (7th Cir. 2018).

---

[1] For this claim, the petitioner alleges ineffective assistance on the part of both Attorney Poulson and Glen Kulkoski, another attorney who represented the petitioner at trial. See also dkt. no. 1 at 11.

8

It appears that the petition was timely filed. Section 2244(d)(1)(A) of Title 28 requires a person seeking *habeas* relief to file his petition within one year of the date his state-court judgment became final "by the conclusion of direct review or the expiration of the time for seeking such review." For a petitioner who appeals a state court conviction to the state's highest court, but not to the United States Supreme Court, the judgment becomes final at the "expiration of the time for seeking" review in the United States Supreme Court. <u>Gonzalez v. Thaler</u>, 565 U.S. 134, 150 (2012). The ninety-day deadline[2] for the petitioner to seek *certiorari* with the U.S. Supreme Court expired on January 14, 2019, which meant he needed to file his petition in federal court by January 14, 2020. The court received the petition on January 3, 2020.

That leaves only the issue of the petitioner's failure to exhaust his state remedies.

## IV. Letter Motion for Stay (Dkt. No. 3)

The petitioner asks the court to stay the federal proceedings while [he] exhaust[s] [his] state remedies." Dkt. No. 3. He says that "[o]nce [he] ha[s] a decision from the circuit court [he] will promptly file an appeal, if necessary." <u>Id.</u> As the court has noted, the state court denied his post-conviction motion after this court received the federal petition and this motion for a stay, and the petitioner's appeal of that denial is pending.

---

[2] Rule 13, Rules of the Supreme Court of the United States ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the order denying discretionary review.").

The petitioner appears to recognize that the law requires him to give the Wisconsin courts a full opportunity to review his arguments before he may seek federal *habeas* relief. Boerckel, 526 U.S. at 845. Such a "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing Boerckel, 526 U.S. at 845).

Assuming that the petitioner is correct in stating that he has exhausted some claims and not others, he has filed what is known as a "mixed" petition. Lundy, 455 U.S. 509, 510 (1982) ("mixed petitions" are petitions that contain both exhausted and unexhausted claims). A federal court "may not adjudicate mixed petitions for *habeas corpus*, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). The court can, however, order a stay and abeyance of an unexhausted federal *habeas* petition while a petitioner returns to the state court to exhaust his state remedies. Rhines, 544 U.S. at 276-77; Dolis v. Chambers, 454 F.3d 721, 724-25 (7th Cir. 2006) (vacating district court's dismissal of a petitioner's wholly unexhausted *habeas* petition and remanding with instructions for the court to consider a stay of the federal proceedings under pre-Rhines circuit authority).

"Stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 270. A district court should grant a stay when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner

10

engaged in intentionally dilatory litigation tactics." Id. at 278. The Supreme Court has instructed district courts that they should not stay mixed petitions "indefinitely," and "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 277-78.

This court received the federal petition on January 3, 2020, *before* the state court received the petitioner's §974.03 motion. The petitioner's request for a stay does not explain why he filed his federal *habeas* petition before filing his state post-conviction motion, so the court might be justified in concluding that he has not stated "good cause" for his failure to exhaust.

But when the court looks at both the document the petitioner filed in December 2019 *and* the documents he has filed in this case, a more complete picture emerges. In the motion he filed with the clerk of court in December 2019, *before* filing his federal petition, the petitioner stated that he was "in the process of exhausting his claims in State courts," and that he had was "very concerned about the passing of the statute of limitations in respect to his federal habeas petition." Dixon v. Pollard, Case No. 19-mc-53, Dkt. No. 1 at 1. He stated that he believed his judgment of conviction became final on January 7, 2019, and that he believed he needed to file his federal petition by January 7, 2020.[3] Id. at 2. He indicated that he did plan to file a federal *habeas* petition. Id.

---

[3] The petitioner did not explain how he came to this conclusion.

In that motion (although not in his motion to stay *this* case), the petitioner asserted that after the Wisconsin Supreme Court denied his petition for review, he had collected his transcripts and other materials, reviewed them himself and tried to conduct his own research. Id. at page 4. Concluding that he couldn't do the research himself, he tried to find someone at Dodge who could help him and found someone who assured him that the petition could be filed by November 2019. Id. He said, however, that despite meeting with that person regularly, that person also was helping other inmates, and it had become clear to the petitioner that he could not get his §974.06 motion completed until early January. Id. at 5.

In the motion in *this* case, the petitioner says that on December 30, 2019, he put his §974.06 motion in the prison mailing system (and December 30 is the date that appears on the copy of the §974.06 motion he filed with this court, dkt. no. 1-1 at 30). Under the Wisconsin prison mailbox rule, "the filing deadline is tolled on the date a pro se prisoner delivers a filing to the proper prison authorities for mailing." Byrd v. Strahota, 390 Wis.2d 426, 2019 WL 6767752, at *2 (Ct. App. Dec. 12, 2019) (citing State *ex rel.* Nichols v. Litscher, 247 Wis.2d 1013 (Wis. 2001)). This court received the federal petition four days later.

Assuming the petitioner *did* put his §974.06 petition in the prison mail system on December 30, 2019,[4] he filed that motion before he filed his federal

---

[4] On January 22, 2020, the court received from the petitioner a document that, at first glance, looks like the motion he filed in December 2019—the motion that caused the clerk's office to open Dixon v. Pollard, 19-mc-53. Dkt. No. 10.

12

*habeas* petition. The petitioner could have awaited the outcome of his §974.06 motion before filing the federal petition. It appears that he didn't do so because he was concerned that if he waited, he might miss the one-year limitations deadline under 28 U.S.C. §2244(d)(1). The petitioner appears to have concluded that his one-year period would expired sometime in January 2020, so he filed the December 19, 2019 motion, then this petition, to try to "stop the clock."

This may not have been necessary. Section 2244(d)(2) of Title 28 says that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." If the petitioner's §974.06 motion was a "properly filed application for State post-conviction or other collateral review," and if it was "filed" as of December 20, 2019, it may have tolled the one-year period for the petitioner to file in federal court. But the court understands the petitioner's concern; he took the cautious route.

At this early stage, the court's review of the petitioner's claims reflects that they potentially have merit. The court has no indication that the petitioner requested a stay for the purpose of delay. The court will grant the plaintiff's

---

This is *not,* however, the December 2019 motion, even though the date on the last page is December 19, 2019. Id. at 7. The first page of this version includes the case number—2:19-mc-00053-LA—which the plaintiff would not have had on the date he filed the motion in 2019. Id. at 1. This version says that the petitioner "has filed" his §974.06 motion in state court "on December 30th, 2019"—a date eleven days *after* the purported signature date. Id. The court does not know why the petitioner filed an altered, modified version of the motion he filed in December 2019, but the court cautions him that filing misleading or false documents could result in the court imposing sanctions.

13

request to stay the federal proceedings while he finishes exhausting his state remedies. The court will stay and administratively close this federal case until the petitioner has exhausted his claims in state court. The court will order that within thirty days of the conclusion of his state court proceedings, the petitioner must file a motion asking this court to reopen his federal case. The court then will reopen the case, maintaining the original filing date for the petition. At that time, the petitioner may amend his petition to clarify the claims that he is raising and to indicate whether he's exhausted them. The court cautions the petitioner that he should use his time in state court to exhaust all claims that he wants to raise in this federal *habeas* petition, whether the claims relate to his trial counsel or his appellate counsel. This may require him to file different motions with different levels of the state court.

## V.     Motion to Supplement the Petition (Dkt. No. 9)

About two and a half weeks after the court received the federal petition, the court received from the petitioner a motion to supplement that petition. Dkt. No. 9. He asked the court to allow him to supplement with "additional attachments." Id. He said that the attachments were "part of" his §976.04 motion. Id. He also again asked the court to allow him to "revive" his previous motion for stay and abeyance. Id.

The same day, the court received from the petitioner twenty-six pages of documents. Dkt. Nos. 10, 10-1. Seven of those pages are a version of the motion the petitioner filed in this court in December 2019—not the same version that he filed at that time, but, as the court noted above, an altered

version. Dkt. No. 10. The remaining nineteen pages consist of the petitioner's trust account statement from Dodge Correctional Institution from June 1, 2019 through December 31, 2019, dkt. no. 10-1 at 14-19; several disbursement requests from the petitioner, dkt. no. 10-1 at 12; a chain of custody report from the Milwaukee Police Department property control section dated July 4, 2014, dkt. no. 10-1 at 11; a September 30, 2014 "office memo"—the court cannot tell if it is to or from the petitioner—"re prior case 12CF4076;" dkt. no. 10-1 at 10; some letters, some emails and an expert biography, dkt. no. 10-1 at 1-9. The court does not know what any of these documents have to do with the petitioner's claims or why he filed them with the court. The court will deny without prejudice the petitioner's motion to supplement his petition; once he has exhausted his state remedies and has a clear sense of which claims he will be proceeding on in federal court, he may ask to supplement his petition and may explain why he needs each supplemental document.

**VI. Conclusion**

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to supplement. Dkt. No. 9.

The court **GRANTS** the petitioner's motion to stay the federal habeas proceedings. Dkt. No. 3. The court **ORDERS** that the federal proceedings are **STAYED** until the petitioner has exhausted his state court remedies.

The court **ORDERS** that the Clerk of Court **CLOSE** this case for administrative purposes. The court further **ORDERS** that within thirty days after the conclusion of his state court proceedings, the petitioner must file a motion in this case (captioned "Motion to Reopen"), informing the court that the state court proceedings are finished and asking the court to reopen the federal case. Once it receives that motion, the court will reopen the case immediately, with the parties retaining all rights they would have had had the case not been closed for administrative purposes. The petitioner will have the benefit of the original filing date.

Dated in Milwaukee, Wisconsin this 17th day of August, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**